022212fN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MUELLER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11-1015 EJM |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability benefits. Briefing concluded December 3, 2011. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of January 13, 2007, plaintiff alleges disability due to severe back problems from degenerative disc disease, continuous pain, flare-ups of pain, and an assessed weight restriction of 20 pounds. He asserts the Administrative Law Judge (ALJ) erred in improperly discrediting his subjective complaints of pain, in relying upon vocational expert testimony in response to a hypothetical question that failed to reflect plaintiff's specific capacity and limitations established by the record as a whole, and erred in his finding regarding plaintiff's transferable skills. Accordingly, plaintiff asserts the Commissioner's decision is not supported by substantial evidence on the record as a whole.

1

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include small disk herniation at L4-5 and status post lumbar surgery in 1994, and found plaintiffs' medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the ALJ discounted the credibility of plaintiff's subjective allegations with regard to intensity, persistence, and limiting effects thereof.

Upon review of the record as a whole, it is the court's view that the ALJ erred in discounting the credibility of plaintiff's subjective allegations. While the ALJ noted plaintiff's treating physician indicated plaintiff could work if he had a job where he could sit and stand, in the course of making that observation, treating physician Dr. Cairnes noted no change in symptoms, and that plaintiff remained in daily pain. He suggested plaintiff apply for social security benefits, observed that it would seem plaintiff could work if he had a job where he could sit some and stand some, and further observed that "[t]he possibility of acute exacerbations of his symptoms, however, will always exist, and he is concerned that employment would

not be possible if he had to take time off every few months. Certainly that is a possibility." T. 287. This observation by plaintiff's treating physician is not inconsistent with plaintiff's subjective allegations.

The ALJ noted that in 2008 plaintiff reported his symptoms were much better and that he was doing acceptably well. However, the referenced treatment note contains the further observation from Dr. Cairnes that "I would think that [plaintiff] would not like to stay like this the rest of his life." T. 313. In light of this observation as well as in full context, it is the court's view that this treatment note is not inconsistent with his subjective allegations.

The ALJ noted consulting physician Dr. Mulderig's observation that during their appointment, plaintiff did not appear to be in distress, and did not look to be limited in standing, moving about, walking, and sitting. It is the court's view that in the context of a brief examination, these observations are not inconsistent with plaintiff's subjective allegations.

The ALJ referred to a function report indicating plaintiff cared for an infant daughter, drove kids to activities, did laundry, shopped, read, and visited with others. However, a review of that function report shows that these representations as to plaintiff's activities are substantially qualified by severe back pain, and not inconsistent with his subjective allegations. T. 155-162.

Upon the foregoing, the court finds the Commissioner's decision is not supported by substantial evidence on the record as a whole. This matter shall be remanded for further consideration including appropriate consideration of plaintiff's subjective allegations. On remand, any recommendations and considerations in the record as to further surgical treatment may be explored, as well as transferrable skills.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

March 15, 2012.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT